UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                    ORDER

JOSE GARCIA,                          No. 19-CR-210-1 (CS)

                Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Jose Garcia's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF No. 34), and the Government's opposition thereto, (ECF No. 36).

      On October 24, 2019, Defendant was sentenced principally to 63 months' imprisonment. (ECF No. 22.) That sentence was below the advisory Sentencing Guidelines range of 87-108 months. He has served approximately 36 months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an

extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant argues that his medical conditions – including obesity, latent tuberculosis, and a family history of diabetes – put him at increased risk for a severe case should he be reinfected with COVID-19; that he has suffered from frequent nosebleeds; that prison conditions have been harsh during the pandemic; and that he has maintained good conduct while incarcerated. He contends that these factors amount to an extraordinary and compelling reasons justifying a sentence reduction.

Obesity appears on the list of conditions that the Centers for Disease Control ("CDC") has identified as causing increased risk for severe disease if one contracts COVID-19.[1] But there are several factors that lead me to conclude that Defendant's medical condition does not present an extraordinary and compelling reason. First, he has already had COVID-19 twice and, despite his risk factor, fortunately did not suffer a severe case.[2] Now that he has twice been diagnosed with the disease and weathered it well, it is plain that his risk factor has not put him in serious

---

[1] Diabetes is also on the list, but Defendant does not purport to have diabetes, only a family history thereof. Tuberculosis is also on the list, but Defendant purports to have "latent tuberculosis" which, according to the CDC, means that one tests positive for the TB bacterium but one's body is able to fight it off and one has no symptoms. The partial medical records provided by Defendant show that he refused prophylactic treatment for his latent TB.

[2] Defendant does not claim to have suffered a severe case, and the partial medical records show that his second case was asymptomatic.

danger. Thus, a sentence reduction based on the risk of contracting COVID-19 no longer makes sense. "This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis." *United States v. Williams*, No. 11-CR-172, 2020 WL 6826740, at *6 (D. Conn. Nov. 20, 2020); *see United States v. Mateus*, No. 14-CR-504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses."); *United States v. Rodriguez*, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19.").

Second, he is incarcerated at FCI Allenwood Low, a facility that presently has no inmate or staff cases, according to the Bureau of Prisons ("BOP"). Third, Defendant received the Johnson & Johnson vaccine between his two cases (perhaps explaining why he had no symptoms from his second case). *See United States v. Jones*, No. 17-CR-214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021) ("[T]he risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated.") (collecting cases). Accordingly, I do not believe extraordinary and compelling circumstances exist based on COVID-19 risk.[3]

---

[3] Defendant's nosebleeds, while certainly bothersome, are – according to him, as reported in his medical records – resolved by a couple of minutes of pressure. They do not rise to the level of extraordinary and compelling.

Nor do the conditions implemented during the pandemic elevate Defendant's situation to that level. I do not mean to minimize the difficulty that the pandemic has caused for inmates (or those on the outside, for that matter), but those universal conditions do not give rise to extraordinary and compelling circumstances. *See United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020).

Finally, Defendant's good behavior does meet the required standard. First, he provides no details suggesting anything exceptional or even unusual about his record in prison, but even if he did, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C.A. § 994(t). While I may consider rehabilitation in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction, *see United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*), I do not find that the combination of circumstances here rises to that level. Maintaining good conduct in prison is not uncommon, and indeed is expected. *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020). Accordingly, I conclude that the reasons advanced by Defendant do not, individually or collectively, amount to extraordinary and compelling circumstances.

Even if they did, I would still have to consider the § 3553(a) factors. They militate against reduction of Defendant's already-below-Guidelines sentence. Releasing after only 36 months a defendant who participated in putting an enormous amount of deadly fentanyl and

4

heroin into circulation would undermine several of the purposes of sentencing.  It would not sufficiently address the seriousness of the offense or the harm done to the community.  It would not be just punishment, would introduce unwarranted sentencing disparities, and would dilute the deterrent effect of the sentence.  In short, if there were extraordinary and compelling circumstances, the § 3553(a) factors would outweigh them.

    For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate ECF No. 34 and send a copy of this Order to Jose Garcia, No. 06632-054, FCI Allenwood Low, Federal Correctional Institution, P.O. Box 1000, White Deer, PA  17887.

Dated: March 7, 2022
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.